# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MCDONALD,<br>    Plaintiff<br><br>    v.<br><br>MS. C. GREENE, et al.,<br>    Defendants | No. 1:18-cv-02175<br><br>(Judge Kane) |

## MEMORANDUM

Plaintiff James McDonald ("Plaintiff"), an individual presently confined at the State Correctional Institution Retreat in Hunlock Creek, Pennsylvania ("SCI-Retreat"), filed the instant pro se complaint pursuant to 42 U.S.C. § 1983 on November 9, 2018. (Doc. No. 1.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint and for the reasons set forth below, will grant Plaintiff's motion to proceed in forma pauperis (Doc. No. 2), and dismiss the complaint with prejudice for Plaintiff's failure to state a claim upon which relief may be granted.

## I.  BACKGROUND

Named as Defendants in this civil action are: Ms. C. Greene, a social worker at SCI-Retreat ("Greene"); Superintendent Vincent Mooney at SCI-Retreat ("Mooney"); Secretary of the Department of Corrections John Wetzel ("Wetzel"); and Grievance Coordinator Keri Moore ("Moore"). (Doc. No. 1 at 2, 3.) It appears that Plaintiff claims that he filed a request with Greene to see the parole committee to inquire about his eligibility for parole and a reentry program. (Id. at 3.) Plaintiff alleges that Greene responded on June 15, 2018 and stated that "the enhanced reentry is not needed since [] Plaintiff [was] granted parole already." (Id.) Plaintiff

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

claims that Greene's response confused him because he was not aware that he had already been granted paroled. (Id.)

On August 11, 2018, Plaintiff alleges that he appeared before the parole board and that instead of being paroled, was given a "2 year hit." (Id. at 4.) Plaintiff claims that because Greene falsely stated that he was granted parole, he has suffered emotional distress. (Id.) Plaintiff avers that he filed a grievance against Greene because of the "false hope" she had given him. (Id.) Consequently Mooney then denied this grievance on August 23, 2018. (Id.) Plaintiff claims that in the grievance denial, Mooney suggested that Plaintiff speak to psychology to deal with his emotional distress and that Greene, a social worker, has nothing to do with Plaintiff's parole. (Id. at 4, 5.) Plaintiff maintains that he appealed his grievance to Wetzel. (Id. at 5, 6.) Plaintiff seeks two million dollars for his alleged distress, pain, and suffering as a result of Greene falsely telling him that he was granted parole. (Id. at 6.)

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect

to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the Court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not

accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted)).

### B. Section 1983 Standard

To state a viable § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).

## III. DISCUSSION

### A. Plaintiff's Complaint

Upon initial screening pursuant to the PLRA, the Court will dismiss Plaintiff's complaint. First, Plaintiff has not suffered any physical injury as a result of Greene's alleged false

4

statements regarding Plaintiff's parole. The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citation omitted). To prevail on a claim for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate a physical injury that is less than significant, but more than de minimis. See 42 U.S.C. § 1997e(e); see also Mitchell v. Horn, 318 F.3d 523, 535 (3d Cir. 2003).

The allegations within Plaintiff's complaint fail to demonstrate either a physical injury resulting from Greene's alleged false statements regarding parole or a "sexual act" under 18 U.S.C. § 2246(2). Even if Plaintiff stated a constitutional violation, he is unable to recover compensatory damages because the complaint demonstrates that he failed to suffer a physical injury. See Rager v. Delbalso, No. 3:15-cv-2343, 2016 WL 2610019, at *2 (M.D. Pa. May 6, 2016).

In addition, Plaintiff's complaint will be dismissed because to the extent Plaintiff alleges a liberty interest protected by the due process clause in being released on parole, he has failed to state a claim upon which relief may be granted. Prisoners do not have a liberty interest protected by the due process clause in being released on parole. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (providing that the Constitution does not establish a liberty interest in parole); Weaver v. Pa. Bd. of Prob. & Parole, 688 A.2d 766, 770 (Pa. Commw. Ct. 1997) ("Parole is nothing more than a possibility, and, when granted, it is nothing more than

5

a favor granted upon a prisoner by the state as a matter of grace and mercy shown by the Commonwealth to a convict who has demonstrated a probability of his ability to function as a law abiding citizen in society."). Because Plaintiff does not have a liberty interest protected by due process in receiving parole, he fails to state a claim upon which relief may be granted. See Lopez v. Cousins, No. 04-1961, 2005 WL 8149165, at *13 (M.D. Pa. Sept. 4, 2005). Consequently, the Court will dismiss Plaintiff's complaint because he has failed to state a claim upon which relief may be granted.

To the extent that Plaintiff is attacking the duration of his current Pennsylvania state incarceration, he must assert such claims in a properly-filed habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475 (1975); Telford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993), cert. denied 510 U.S. 920 (1993). Federal habeas corpus review is the appropriate remedy when "the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002); see also Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (providing that federal habeas corpus review allows a prisoner "to challenge the 'execution' of his sentence").

Regarding Defendants Mooney, Wetzel, and Moore, it appears that Plaintiff attempts to assert claims against these Defendants liable under § 1983 by virtue of respondeat superior and for their participation in after-the-fact review of his grievance filed against Greene. (Doc. No. 1.) Supervisors, however, are not typically liable under § 1983 solely on this theory. See City of Okla. City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690-91 (1978). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of

respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode).

Personal involvement may be established through allegations of personal direction or of actual knowledge and acquiescence. Rode, 845 F.2d at 1207. However, the filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation. See Pressley v. Beard, 266 F. App'x. 216, 218 (3d Cir. 2008) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); Brooks v. Beard, 167 F. App'x. 923, 925 (3d Cir. 2006) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation); Ramos v. Pa. Dep't of Corr., No. 06-1444, 2006 WL 2129148, at *3 (M.D. Pa. July 27, 2006) ("[C]ontentions that certain correctional officials violated an inmate's constitutional rights by failing to follow proper procedure or take corrective action following his submission of an institutional grievance are generally without merit."). Because Plaintiff's complaint fails both to set forth an underlying constitutional deprivation and provide any allegations of personal involvement in his complaint against Defendants Mooney, Wetzel, and Moore, the Court will dismiss Plaintiff's claims against these Defendants.

B. **Leave to Amend**

Courts are cautioned that because of the applicable pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See

Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendment in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id. The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). Based on the foregoing, the Court finds that affording Plaintiff an opportunity to amend would be futile. See Foman, 371 U.S. at 182; Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (stating that the futility exception mandates that a complaint, as amended, would fail to state a claim upon which relief may be granted).

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's complaint (Doc. No. 1), will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim upon which relief may be granted and without leave to file an amended complaint. An appropriate Order follows.